## Cox v. Justice.

(Decided November 8, 1917.)

### Appeal from Boyd Circuit Court.

Forcible Entry and Detainer.—As the evidence shows that the appellant was a tenant and not a purchaser of the land from which he was ejected by a writ of forcible detainer, the judgment is affirmed.

JAMES F. CLARK for appellant.

W. H. FLANERY, JOHN L. SMITH and GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is a forcible detainer case commencing in the police court of Cattlettsburg, where a writ was sued out by Justice against Cox, charging that Cox had forcibly detained from him a house and lot in the city of Catletts-

burg. On a trial in the police court there was a judgment of restitution on behalf of Justice, and an appeal by Cox to the circuit court. On a trial in the circuit court there was a verdict and judgment in favor of Justice, and Cox appeals.

The case is a very simple one, depending entirely on facts. Cox claims that he took possession of the premises in controversy as a purchaser from Justice at the price of $350; while Justice claims that Cox entered as his tenant and as such tenant remained in possession of the premises until this writ of forcible detainer was sued out. In support of this contention, Justice filed a writing executed in May, 1913, signed by himself and Cox in which it was recited that Cox had paid his rent up to that date and was to pay as rent thereafter five dollars a month for the place.

To avoid the effect of this writing Cox claimed that it was procured from him by fraud or mistake upon his part as to its contents, and also introduced some evidence tending to show that in 1911 he and Justice entered into a verbal contract by which he purchased the house and lot from Justice at a stipulated price, part of which he paid in cash and the balance at different times thereafter until the full purchase price of $350 had been paid.

All of this was denied by Justice, who also introduced some evidence tending to show that Cox, while in possession of the premises, admitted that he was holding them as a tenant.

The issues between the parties as to whether Cox was a tenant or purchaser, and as to whether the writing acknowledging his tenancy was procured by fraud or mistake, were submitted to the jury under appropriate instructions, and the jury, as we have said, found for Justice.

There being no error in the record, the judgment is affirmed.